UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ARISLEIDA FIGUEROA,                                    Civil Action No.: 1:19-cv-00152

                   Plaintiff,                    **COMPLAINT**

     -against-                                         **JURY TRIAL DEMANDED**

PAVARINI MCGOVERN, LLC,
STRUCTURE TONE, LLC and
330 WEST 34TH SPE LLC,

                   Defendants.
-------------------------------------------------------------------X

      Plaintiff, ARISLEIDA FIGUEROA, for her Complaint against Defendants, states and alleges as follows:

## PARTIES

      1.    Plaintiff ARISLEIDA FIGUEROA, is a resident of the State of New Jersey. Defendant PAVARINI MCGOVERN, LLC is a Delaware limited liability company with offices located at 330 West 34th St., 12th floor, New York, NY 10001 and is a foreign limited liability company authorized to and doing business in the State of New York. Defendant STRUCTURE TONE, LLC is a New York limited liability company headquartered at 15 North Mill Street, Nyack, NY 10960. Defendant 330 WEST 34TH SPE LLC is New York limited liability company headquartered at 5 Penn Plaza, 24th Floor, New York, NY 10001.

## JURISDICTION

      2.    Jurisdiction is properly founded upon 28 U.S.C. § 1332(a) because Plaintiff and Defendants are citizens of different states and because the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

3.    Venue is properly laid in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in New York, New York and because Defendants are subject to personal jurisdiction in the Southern District of New York.

4.    This action arises out of a personal injury accident that occurred in New York County, State of New York.

## FIRST COUNT

5.    On or about March 29, 2016, plaintiff ARISLEIDA FIGUEROA was on the premises known as 330 West 34th St., New York, NY 10001.

6.    That on March 29, 2016, the aforesaid premises was under repair, renovation and construction.

7.    At the aforementioned times plaintiff was employed by Vornado Realty Trust.

8.    Upon information and belief, defendants at all times herein were the owners, operators, contractors, subcontractors, tradesmen, workers, agents, servants, employees, persons or entities responsible for the control, supervision, maintenance and repair of the premises at 330 West 34th St., New York, NY 10001.

9.    As a result of the negligent construction, repair, maintenance and/or control of said property by the aforementioned defendants, plaintiff was caused to trip and suffer severe and permanent injuries in and about various parts of her body.

10.    As a result of the injuries suffered by plaintiff, she was caused to expend large sums of money in an effort to effect a cure for those injuries and has and will in the future suffer from severe pain and suffering.

WHEREFORE, plaintiff ARISLEIDA FIGUEROA demands judgment against the defendants for damages, costs of suit, interest and any and all remedies as the Court deems equitable and just.

## SECOND COUNT

11.    Plaintiff repeats the allegations contained in the First Count and makes same as part hereof by reference and incorporation.

12.    Plaintiff's injuries and the manner in which she was injured are such that the dangerous instrumentality which caused her injuries was under defendants' control and the injuries would not have been sustained but for the carelessness, negligence and recklessness of the defendants, their agents, and employees.

WHEREFORE, plaintiff demands judgment against the defendant for damages, costs of suit, interest and any and all remedies as the Court deems equitable and just.

## THIRD COUNT

13.    Plaintiff repeats the allegations of the First and Second Counts and makes same a part hereof by reference and incorporation.

14.    It then and there became the duty of defendants by and through their agents, servants and employees, to warn the plaintiff and otherwise make known to the plaintiff the dangers and risks of being on the premises of the defendants.

15.    Notwithstanding said duty, the defendants, by and through their agents, servants and employees, failed to warn or alert the plaintiff.

WHEREFORE, plaintiff demands judgment against the defendants for damages, costs of suit, interest and any and all remedies as the Court deems equitable and just.

3

## FOURTH COUNT

16.     Plaintiff repeats the allegations contained in the First, Second, and Third Counts and makes same a part hereof by reference and incorporation.

17.     The defendant created and/or maintained a nuisance, which nuisance resulted in injuries sustained by plaintiff as aforesaid.

WHEREFORE, plaintiff demands judgment against the defendants for damages, costs of suit, interest and any and all remedies as the Court deems equitable and just.

## FIFTH COUNT

18.     Plaintiff repeats the allegations contained in the First, Second, Third and Fourth Counts and makes same a part hereof by reference and incorporation.

19.     Upon information and belief, at the all dates and times hereinafter mentioned, defendant 330 WEST 34TH SPE LLC owned the premises located at 330 West 34th St., New York, NY 10001.

20.     Upon information and belief, at the all dates and times hereinafter mentioned, defendant 330 WEST 34TH SPE LLC operated the premises located at 330 West 34th St., New York, NY 10001.

21.     Upon information and belief, at the all dates and times hereinafter mentioned, defendant 330 WEST 34TH SPE LLC controlled the premises located at 330 West 34th St., New York, NY 10001.

22.     Upon information and belief, at the all dates and times hereinafter mentioned, defendant 330 WEST 34TH SPE LLC maintained the premises located at 330 West 34th St., New York, NY 10001.

23.     Upon information and belief, at all dates and times hereinafter mentioned, defendant PAVARINI MCGOVERN, LLC was doing construction and/or maintenance and/or repair at the premises of 330 West 34th St., New York, NY 10001.

24.     Upon information and belief, at all dates and times hereinafter mentioned, defendant PAVARINI MCGOVERN, LLC operated the premises of 330 West 34th St., New York, NY 10001.

25.     Upon information and belief, at all dates and times hereinafter mentioned, defendant PAVARINI MCGOVERN, LLC controlled the premises of 330 West 34th St., New York, NY 10001.

26.     Upon information and belief, at the all dates and times hereinafter mentioned, defendant PAVARINI MCGOVERN, LLC maintained the premises of 330 West 34th St., New York, NY 10001.

27.     Upon information and belief, at all dates and times hereinafter mentioned, defendant STRUCTURE TONE, LLC was doing construction and/or maintenance and/or repair at the premises of 330 West 34th St., New York, NY 10001.

28.     Upon information and belief, at all dates and times hereinafter mentioned, defendant STRUCTURE TONE, LLC operated the premises of 330 West 34th St., New York, NY 10001.

29.     Upon information and belief, at all dates and times hereinafter mentioned, defendant STRUCTURE TONE, LLC controlled the premises of 330 West 34th St., New York, NY 10001.

30.     Upon information and belief, at the all dates and times hereinafter mentioned, defendant STRUCTURE TONE, LLC maintained the premises of 330 West 34th St., New York, NY 10001.

31.     That on or about March 29, 2016, while plaintiff ARISLEIDA FIGUEROA was walking upon and across the aforesaid premises, through the negligence and carelessness of the defendants herein, she was caused to trip and fall on the floor due to the dangerous and hazardous conditions existing thereat, causing plaintiff to sustain severe and permanent personal injuries.

32.     That the aforesaid occurred solely and wholly as a result of the negligence of the defendants herein and without any negligence on the part of plaintiff contributing thereto.

33.     That the defendants, their agents, servants and/or employees were negligent in the ownership, operation, control, management, and maintenance of the above premises; in causing, permitting and allowing the said premises at the aforesaid location to become and remain in a dangerous condition, and thereby constituting a nuisance, danger, menace and hazard; in knowingly and for a long and unreasonable length of time, it failed to see that the said premises were maintained in a safe, proper and suitable condition; in causing, permitting and allowing said premises to become and remain in a dangerous, unsafe, defective and trap like condition; in that said premises were not in compliance with applicable codes, rules and regulation of the State of New York; had unsecured boards on the floors creating a dangerous and hazardous condition thereat; in failing to warn pedestrians of the dangerous condition existing thereat, despite actual and constructive knowledge and notice thereof; in failing to post a sign of warning of said dangerous condition; in failing to place guards and/or barricades about said area to warn pedestrians lawfully upon said premises; in failing and neglecting to remedy the aforesaid dangerous condition; in failing to comply with the laws, rules, regulations, ordinances, statues and

codes of the County of New York and State of New York, then and there in effect; and defendants were otherwise negligent and careless in the premises.

34.    That as a result of the foregoing, plaintiff was rendered sick, sore, lame and disabled; suffered injuries both internal and external, pain and mental anguish; she was caused to suffer from severe pain; was confined to her bed and home for a lengthy period of time; was compelled to seek medical care and attention and upon information and belief, will in the future be compelled to seek medical care and attention; was otherwise injured and damaged.

35.    That a result of the foregoing, plaintiff ARISLEIDA FIGUEROA has been damaged in a sum of money, having a present value, that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter along with fees, costs and expenses.

WHEREFORE, plaintiff demands judgment in favor of the plaintiff, ARISLEIDA FIGUEROA in a sum of money, having a present value, that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter along with fees, costs and expenses.

## SIXTH COUNT

36.    Plaintiff repeats the allegations contained in the First, Second, Third, Fourth and Fifth Counts and makes same a part hereof by reference and incorporation.

37.    That at all times hereinafter mentioned, defendant PAVARINI MCGOVERN, LLC was a general contractor for the construction project at the premises known as 330 West 34th St., New York, NY 10001.

7

38.    That at all times hereinafter mentioned, defendant STRUCTURE TONE, LLC. was a general contractor for the construction project at the premises known as 330 West 34th St., New York, NY 10001.

39.    That on March 29, 2016, the aforesaid premises was under construction.

40.    That on March 29, 2016, the aforesaid premises was in the process of renovation.

41.    That on March 29, 2016, the aforesaid premises was in the process of reconstruction.

43.    That on March 29, 2016, the aforesaid premises was in the process of repair.

44.    That on March 29, 2016, the aforesaid premises was in the process of alteration.

45.    That on March 29, 2016, the aforesaid premises was in the process of demolition.

46.    That on March 29, 2016, the aforesaid premises was in the process of being cleaned.

47.    That at all times hereinafter mentioned, defendant PAVARINI MCGOVERN, LLC, its agents, servants and/or employees inspected the construction and/or renovations and/or repairs and/or alterations and/or demolition and/or cleaning at the aforesaid location.

48.    That at all times hereinafter mentioned, defendant PAVARINI MCGOVERN, LLC, its servants, agents and/or employees managed the construction and/or renovations and/or repairs and/or alterations and/or demolition and/or cleaning at the aforesaid location.

49.    That at all times hereinafter mentioned, defendant PAVARINI MCGOVERN, LLC its servants, agents and/or employees formulated the construction and/or renovations and/or repairs and/or alterations and/or demolition and/or cleaning at the aforesaid location.

50.    That at all times hereinafter mentioned, defendant PAVARINI MCGOVERN, LLC its agents, servants and/or employees controlled the construction and/or renovations and/or repairs and/or alterations and/or demolition and/or cleaning at the aforesaid location.

51.     That at all times hereinafter mentioned, defendant STRUCTURE TONE, LLC, its agents, servants and/or employees inspected the construction and/or renovations and/or repairs and/or alterations and/or demolition and/or cleaning at the aforesaid location.

52.     That at all times hereinafter mentioned, defendant STRUCTURE TONE, LLC, its servants, agents and/or employees managed the construction and/or renovations and/or repairs and/or alterations and/or demolition and/or cleaning at the aforesaid location.

53.     That at all times hereinafter mentioned, defendant STRUCTURE TONE, LLC, its servants, agents and/or employees formulated the construction and/or renovations and/or repairs and/or alterations and/or demolition and/or cleaning at the aforesaid location.

54.     That at all times hereinafter mentioned, defendant STRUCTURE TONE, LLC, its agents, servants and/or employees controlled the construction and/or renovations and/or repairs and/or alterations and/or demolition and/or cleaning at the aforesaid location.

55.     That at all times hereinafter mentioned, defendants, their agents, servants and/or employees entered into a contract and/or contracts with each other with respect to certain labor and incidental materials supplied at the premises known as 330 West 34th St., New York, NY 10001.

56.     That at all times hereinafter mentioned, defendants, their agents, servants and/or employees entered into a contract or contracts with each other for the construction, renovation, restoration, alteration, repair, cleaning, and/or demolition at the premises known as 330 West 34th St., New York, NY 10001.

57.     That at all times hereinafter mentioned, each of the defendants, their agents, servants and/or employees entered into a contract and/or contracts with a third-party with respect

to certain labor and incidental materials supplied at the premises known as 330 West 34th St., New York, NY 10001.

58.    That at all times hereinafter mentioned, each of the defendants, their agents, servants and/or employees entered into a contract or contracts with a third-party for the construction, renovation, restoration, alteration, repair, cleaning, and/or demolition at the premises known as 330 West 34th St., New York, NY 10001.

59.    That at all times hereinafter mentioned and on March 29, 2016, plaintiff was lawfully at the aforesaid location.

60.    That at all times hereinafter mentioned and on March 29, 2016, plaintiff was a business invitee at the aforesaid location.

61.    That at all times hereinafter mentioned and on March 29, 2016, plaintiff was injured at the aforesaid location.

62.    That at all times hereinafter mentioned and on March 29, 2016, while plaintiff was working at the aforesaid location, she was caused to sustain the injuries and damages hereinafter set forth.

63.    That at all times hereinafter mentioned, plaintiff was an employee of Vornado Realty Trust, 330 West 34th St., New York, NY 10001.

64.    That at all times hereinafter mentioned, plaintiff was acting within the course and scope of her employment.

65.    That at all times hereinafter mentioned, it was the duty of the defendants, their agents, servants and/or employees, to properly manage, provide safety, operate and control the aforesaid location in good condition, free from dangerous, unsafe and unsupervised conditions.

66.    That on or about March 29, 2016, plaintiff was lawfully in the course of her employment and lawfully working at the premises known as 330 West 34th St., New York, NY 10001, when suddenly and without warning whatsoever, plaintiff was caused to sustain the severe and serious personal injuries alleged herein.

67.    This action falls within one or more of the exceptions set forth in CPLR §1602 (1)(2)(3)(4)(5)(6)(7)(8)(9)(10)(11)(12)(13).

## SEVENTH COUNT

68.    Plaintiff repeats the allegations contained in the First, Second, Third, Fourth, Fifth and Sixth Counts and makes same a part hereof by reference and incorporation.

69.    That the aforesaid occurrence and the results thereof were as a result of the defendants, their agents, servants and/or employees' negligence.

70.    That upon information and belief, prior to the happening of the subject accident, defendants had both actual and constructive notice of the defective condition thereat.

71.    That at all times hereinafter mentioned, it was the duty of the defendants to operate, maintain, and control the construction site in a reasonably safe condition.

72.    That the defendants, their agents, servants and/or employees or those acting on their behalf, were careless, reckless and negligent in, among other things, their improper, insufficient, inadequate and/or lack of supervision and/or training, negligent entrustment, negligent hiring, permitting, authorizing and/or creating a nuisance, menace, trap-like condition and their failure to provide proper and/or adequate safety equipment and/or a safe place to work; in failing to provide adequate safety devices or other protective means to prevent the occurrence herein, which was reasonably foreseeable under the circumstances; in creating a dangerous, hazardous condition; in permitting equipment to be, become and remain in a dangerous, hazardous, weakened and unsafe

11

condition; in failing to properly support the area where plaintiff was working; in failing to exercise that degree of care which was reasonably prudent under the circumstances; in carelessly, recklessly and negligently creating a hazard, endangering the life and limb of said plaintiff; in failing to provide a safe condition for workmen on the job; in violation of applicable laws, statutes and ordinances, the Industrial Code of the State of New York, Labor Law 200, the Administrative Code of the City of New York and OSHA rules, and in failing to take the necessary and proper precautions so as to prevent the occurrence of this accident.

73.    That by reason of the defendants' negligence, plaintiff, sustained severe, serious and painful personal injuries; was rendered sick, sore, lame and disabled, and sustained severe nervous shock, mental anguish, great physical pain, damage and injuries; was confined to bed and home for a long period of time; was compelled to undergo hospital and medical aid, treatment and attention; has paid and become obligated to pay for medical care; was prevented from engaging in his usual duties and activities for a long period of time and, upon information and belief, will continue to suffer similar damages in the future.

74.    That solely by reason of the aforesaid, plaintiff has been damaged in the sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, along with fees, costs, and expenses.

## EIGHTH COUNT

75.    Plaintiff repeats the allegations contained in the First, Second, Third, Fourth, Fifth, Sixth and Seventh Counts and makes same a part hereof by reference and incorporation.

76.    As the owner and/or general contractor of the aforementioned construction site, it was the duty of the defendants, its agents, servants and/or employees, to comply with Section 241 of the New York State Labor Law and the applicable provisions of the Industrial code of the State

12

of New York and the Federal Occupational Safety and Health Regulations, and all other applicable, pertinent and relevant statutes, laws, rules, ordinances and regulations in so constructing, shoring, equipping, guarding, arranging, operating and conducting the aforementioned construction and/or renovations and/or alterations and/or repairs and/or demolition so as to provide reasonable and adequate protection to plaintiff and other persons employed therein or lawfully frequenting the site.

77.    That the defendants, their agents, servants, and/or employees failed to so construct, shore, equip, guard, arrange, operate, and conduct the aforementioned construction and/or renovations and/or alterations and/or repairs and/or demolition so as to provide reasonable and adequate protection and safety to plaintiff, and others employed therein or lawfully frequenting said site.

78.    That by reason of the defendants' failure to comply with Section 241 of the New York State Labor Law, and with the aforesaid laws, rules, statutes, ordinances and regulations, plaintiff sustained severe, serious and painful personal injuries; was rendered sick, sore, lame and disabled, and sustained severe nervous shock, mental anguish, great physical pain, damage and injuries; was confined to bed and home for a long period of time; was compelled to undergo hospital and medical aid, treatment and attention; has paid and become obligated to pay for medical care; was prevented from engaging in her usual duties and activities for a long period of time and, upon information and belief, will continue to suffer similar damages in the future.

79.    That solely by reason of the aforesaid, plaintiff has been damaged in the sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, along with fees, costs, and expenses.

## NINTH COUNT

80.     Plaintiff repeats the allegations contained in the First, Second, Third, Fourth, Fifth Sixth, Seventh and Eighth Counts and makes same a part hereof by reference and incorporation.

81.     That in accordance with Section 240 of the New York State Labor Law and the applicable provisions of the Industrial Code of the State of New York, the federal Occupational Safety and Health Regulations and all other applicable, pertinent and relevant statutes, laws, rules, ordinances and regulations, it was the duty of the defendants, their agents, servants and/or employees, to furnish or erect, or cause to be furnished or erected, such braces and other devices which would be so constructed, placed and operated as to provide proper protection to a person so employed.

82.     That the defendants, their agents, servants, and/or employees, failed to comply with Section 240 of the New York State Labor Law and the applicable provisions of the Industrial Code of the State of New York, the Federal Occupational Safety and Health Regulations and all other applicable, pertinent and relevant statutes, laws, rules, ordinances and regulations to so furnish or erect, or cause to be furnished or erected, such braces and other devices which would be so constructed, placed and operated as to provide proper protection to a person so employed.

83.     That by reason of the defendants' failure to comply with Section 240 of the New York State Labor Law, and with the aforesaid laws, rules, statutes, ordinances and regulations, plaintiff, sustained severe, serious and painful personal injuries; was rendered sick, sore, lame and disabled, and sustained severe nervous shock, mental anguish, great physical pain, damage and injuries; was confined to bed and home for a long period of time; was compelled to undergo hospital and medical aid, treatment and attention; has paid and become obligated to pay for medical

14

care; was prevented from engaging in his usual duties and activities for a long period of time and, upon information and belief, will continue to suffer similar damages in the future.

84.    That solely by reason of the aforesaid, plaintiff has been damaged in the sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, along with fees, costs, and expenses.

WHEREFORE, plaintiff demands judgment against the defendant for damages, costs of suit, interest and any and all remedies as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues contained herein.

Dated: January 7, 2019
      New York, New York

                                        Yours etc.,

                                        _____
                                        ELIOT S. BICKOFF, ESQ.
                                        ASTA & ASSOCIATES, P.C.
                                        Attorneys for Plaintiff
                                        450 Seventh Avenue, Suite 2205
                                        New York, NY 10123
                                        (212) 244-6555